IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00290-MSK-MJW

ALLSTATE SWEEPING, LLC,

Plaintiff(s),

v.

CITY AND COUNTY OF DENVER,
DENVER DEPARTMENT OF AVIATION,
APRIL HENDERSON,
CALVIN BLACK,
STEVE DRAPER, and
RUTH RODRIGUEZ,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion for Amendment of the Scheduling Order Entered at Docket # 42 on May 25, 2010 (docket no. **79**) is **DENIED**.

The Plaintiff's Complaint was filed on February 10, 2010 (docket no. 1). A Rule 16 Scheduling Order was entered in this case on May 25, 2010, *nunc pro tunc* May 18, 2010. See docket no. 39. The parties have had since May 26, 2009, to conduct discovery. The Discovery cut off date is December 15, 2010. The Dispositive Motion Deadline is January 18, 2011. Judge Krieger has entered a Trial Preparation Order-Civil dated May 18, 2010 (docket no. 40).

To allow discovery to be extended for any purpose at this late stage of this case would be prejudicial to Defendant and is unwarranted under the facts, chronology, and circumstances of this case. That the determination of whether to extend discovery is committed to the sound discretion of the trial court. Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987).

The Tenth Circuit Court of Appeals has set forth factors to be considered to determine whether discovery should be extended in a case. Id. These factors include: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving arty would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6)

the likelihood that the discovery will lead to relevant evidence.  Id.  See Hale v. Coors Distributing, 2009 WL 1600678, *3-4 (D. Colo. June 5, 2009).

That on balance, consideration of these factors weigh against extending discovery.  The Plaintiff's request is opposed.  The Defendant would be prejudiced by the late discovery; Plaintiff was not diligent in obtaining this discovery within the deadlines set by the court; and, Plaintiff could have foreseen the need for the discovery sought within the time allowed by the court.  Moreover, that Plaintiff has caused delay in the discovery portion of this case and has failed to demonstrate why discovery could not have been completed timely per the Scheduling Order.  The discovery cut off date has expired [December 15, 2010].  For all of these reasons, the subject motion (docket no. 79) should be denied.

Date:    December 16, 2010