IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00290-MSK-MJW

ALLSTATE SWEEPING, LLC,

Plaintiff(s),

v.

CITY AND COUNTY OF DENVER,
DENVER DEPARTMENT OF AVIATION,
APRIL HENDERSON,
CALVIN BLACK,
STEVE DRAPER, and
RUTH RODRIGUEZ,

Defendant(s).

---

**ORDER REGARDING:
(1) PLAINTIFF'S REQUEST [MOTION] FOR LEAVE TO FILE THE ATTACHED
AMENDED COMPLAINT (DOCKET NO. 78)
AND
(2) PLAINTIFF'S REQUEST [MOTION] FOR RECONSIDERATION OF THE COURT'S
ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER
DOCKET NO. 79 FILED ON DECEMBER 16, 2010 (DOCKET NO. 89)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

        This matter was before the court for hearing on January 26, 2011 on: (1)

Plaintiff's Request [Motion] for Leave to File the Attached Amended Complaint (docket

no. 78) and Plaintiff's Request [Motion] for Reconsideration of the Court's Order

Denying Plaintiff's Motion to Amend Scheduling Order Docket No. 79 filed on December

16, 2010 (docket no. 89).  The court has reviewed the subject motions (docket nos. 78

and 89), the responses (docket nos. 82, 94, 97, 99, 100, and 101 ) and the replies

(docket nos. 87, 103, and 104). In addition, the court has taken judicial notice of the

court file and has considered applicable Federal Rules of Civil Procedure and case law.

Lastly, the court has considered oral argument presented by the parties through

counsel.  The court now being fully informed makes the following finding of fact,

conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.     That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.     That venue is proper in the state and district of Colorado;

3.     That each party has been given a fair and adequate opportunity to

be heard;

4.     That the motion is made after the deadline for amendment of

pleadings, and thus this court has applied the following analysis in

deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is
> filed after the scheduling order deadline, a "two-step
> analysis" is required.  Once a scheduling order's deadline
> for amendment has passed, a movant must first
> demonstrate to the court that it has "good cause" for
> seeking modification of the scheduling deadline under Rule
> 16(b).  If the movant satisfies Rule 16(b)'s "good cause"
> standard, it must then pass the requirements for
> amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than
> the more lenient standard contained in Rule 15(a).  Rule
> 16(b) does not focus on the bad faith of the movant, or the
> prejudice to the opposing party.  Rather, it focuses on the
> diligence of the party seeking leave to modify the
> scheduling order to permit the proposed amendment.
> Properly construed, "good cause" means that the
> scheduling deadlines cannot be met despite a party's

3

> diligent efforts.  In other words, this court may "modify the
> schedule on a showing of good cause if [the deadline]
> cannot be met despite the diligence of the party seeking
> the extension."  Carelessness is not compatible with a
> finding of diligence and offers no reason for a grant of
> relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo.

2001) (quotations and citations omitted).  This court finds that the

plaintiff has satisfied this first step in the analysis and has

established good cause to extend the deadline within which it may

seek leave to amend the complaint.


The second step is consideration of whether the plaintiff has

satisfied the standard for amendment of pleadings required under

Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely
> given when justice so requires."  Refusing leave to amend
> is generally only justified upon a showing of undue delay,
> undue prejudice to the opposing party, bad faith or dilatory
> motive, failure to cure deficiencies by amendments
> previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and

substantially for the reasons stated in the subject motion (docket

no. 78) and the additional reasons outlined in the supplemental

moving papers (docket nos. 87, 103, and 104) by plaintiff, this court

finds that the proposed amendments should be permitted.  The

court notes that no trial date has been set in this matter, and no

date has been set for a final pretrial conference.  Since additional

4

discovery is warranted in light of these amendments, the court will

reopen discovery for a reasonable period and alter discovery

deadlines.  Id.  Thus, any prejudice that might arise from these

amendments is capable of being cured.  Id.

### ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court

**ORDERS**:

1.      That Plaintiff's Request [Motion] for Leave to File the Attached

Amended Complaint (docket no. 78) is **GRANTED**;

2.      That Plaintiff's Request [Motion] for Reconsideration of the Court's

Order Denying Plaintiff's Motion to Amend Scheduling Order

Docket No. 79 filed on December 16, 2010 (docket no. 89) is

**GRANTED**;

3.      That the Plaintiff's Amended Complaint (docket no. 78-1) is

accepted for filing as of the date of this Order;

4.      That the deadline to complete discovery is extended to March 25,

2011, in order to allow the parties to complete the following limited

discovery:

a.      The Plaintiff may take the depositions of Ms. Chavez

and Ms. Cook;

b.      The Defendants may re-open and depose Beth

Krueger and Barb Hollis for two (2) additional hours

5

each; and,

      c.      Each Defendant or Defendant Group is permitted ten

(10) additional interrogatories concerning the added

claim in the Amended Complaint

5.      That each party shall pay their own attorney fees and costs for this

motion.

Done this 28th day of January 2011.

      BY THE COURT

      s/Michael J. Watanabe
      MICHAEL J. WATANABE
      U.S. MAGISTRATE JUDGE